UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KIMANI MONTOYA<br>Plaintiff,<br><br>v.<br><br>CONSUMER PORTFOLIO<br>SERVICES, INC.<br>A California Corporation.<br>Defendant. | **COMPLAINT AND JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

*Kimani Montoya states the following claims for relief:*

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 (b)(3).

2. This action arises out of Defendants' violations of both the Telephone Consumer Protection Act ("TCPA") and the Michigan Regulation of Collection Practices Act ("MRCPA") in its illegal efforts to collect a consumer debt.

3. This Court has supplemental jurisdiction over the MRCPA claims because these claims arise from a common nucleus of operative facts are so related to the TCPA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. The Plaintiff to this lawsuit is Kimani Montoya who resides in Flushing, Michigan.

6. The Defendant to this lawsuit is Consumer Portfolio Services, Inc. a California Corporation that is an independent specialty finance company that provides indirect automobile financing to individuals with past credit problems, low incomes or limited credit histories.

## FACTUAL ALLEGATIONS

7. Plaintiff has had a telephone number (810-280-6935) that is assigned to a cellular telephone service, Verizon, for about two years.

8. On information and belief, beginning in late Spring 2011, Plaintiff began receiving telephone calls from Defendant.

9. When Plaintiff answered or listened to the messages left by Defendant, Defendant would ask for a Sandra Sterling seeking information on James Moore.

*Deceptive acts related to references*

10. Defendant asserted that Sandra Sterling had been a reference for a James Moore.

11. Defendant by asserting it was calling James Moore because Sandra Sterling had listed her as a reference, made a deceptive or misleading representation.

12. References are supposed to be used to determine an individual's credit worthiness prior to extending credit, not used in the collection process.

13. On at least one occasion, Defendant informed Plaintiff in a message that it was calling regarding the loan and purchase of a 2005 Trailblazer and to give the message to James.

*Failure to give required statements under MCL § 445.258*

14. On information and belief, Defendant was seeking location information for James Moore when it made the calls to Plaintiff.

15. Defendant, when making these calls seeking location information, however, did not make the required statements under the MRCPA §445.258.

16. Defendant would not tell Plaintiff who they were when he answered the telephone.

17. Defendant would not always inform Plaintiff of the name of the individual seeking the location information.

18. Defendant never stated that they were confirming or correcting location information.

*Acts that violate the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227*

19. Plaintiff does not know James Moore or Sandra Sterling and has no relationship other than perhaps having had the same cellular telephone number as James Moore.

20. On information and belief when Defendant made these calls to Plaintiff it used equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

21. Additionally, when making these calls, Defendant would, at times, hide its caller identification, appearing as "unavailable" so that Plaintiff would not know who was calling.

22. On information and belief, Defendant uses Voice Over Internet Protocol ("VOIP") that makes tracking the calls made to Plaintiff much more difficult.

23. Defendant's acts make it difficult to establish the exact number of calls it made to Plaintiff without Defendant's outgoing records or customer service notes.

24. When Defendant called, it would request a callback at the following numbers:

- 888-469-4520
- 866-325-4568
- 630-288-2828
- 630-288-2863

25. When Plaintiff was able to answer the calls, he experienced a long pause or delay before Defendant's agent would respond.

26. When Defendant called, one of the following agents were on the line Mrs. Davis, Mrs. Coleman collections supervisor, or Mr. Lewis.

27. Plaintiff called Defendant on at least one occasion and told it to stop calling him.

*Defendant's willful and/or knowing acts under the TCPA and Michigan Regulation of Collection Practices Act ("MRCPA") MCL § 445.251 et seq.*

28. On information and belief, in addition to the above, Defendant made the following calls to Plaintiff:

| Date | Time | Incoming Number | Name of Caller |
|---|---|---|---|
| 12/9/11 | 3:39pm | unidentified number | unidentified caller |
| 12/20/11 | 11:09am | unidentified number | Mrs. Davis |
| 12/27/11 | 12:55pm | unidentified number | Mrs. Coleman |
| 1/4/12 | 2:18pm | 630-288-2828 | unknown caller |
| 1/9/12 | 4:24pm | 630-288-2828 | unknown caller |
| 2/9/12 | 11:56am | 630-288-2863 | Mr. Lewis |
| 2/13/12 | 4:27pm | 630-288-2863 | Mr. Lewis |
| 2/14/12 | 10:44pm | 630-288-2863 | Mr. Lewis |
| 4/12/12 | 9:08am | 630-288-2863 | Mr. Lewis |
| 4/17/12 | 12:12pm | 630-288-2863 | Mr. Lewis |

29. During one call Plaintiff had a conversation with Mr. Lewis telling him to stop calling or he would sue Defendant.

*Use of profanity and abusive or oppressive behavior violating MCL § 445.252(o) and (n)*

30. Mr. Lewis then stated something like, "I don't give a f*** if you do sue us, I'm just trying to collect a debt."

31. After this exchange, Mr. Lewis would continue to call Plaintiff but not leave a message.

32. Eventually after a period of time went by, Mr. Lewis again began leaving messages with Plaintiff.

33. At no time, did Plaintiff provide prior express permission for anyone to call his telephone number assigned to a cellular telephone using equipment that has the capacity to auto dial.

34. Plaintiff seeks damages for each and every call to her cell phone, not simply those in which Plaintiff has evidence of receipt.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### U.S.C. § 227 (b)(3)(B)

35. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

36. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiffs cell phone in the last four years.

37. Defendant did not have Plaintiff's prior express permission prior to contacting Plaintiff on his cell phone using an automatic telephone dialing system.

38. Defendant made the calls to Plaintiff willfully.

39. Defendant made the calls to Plaintiff knowingly.

40. Defendant's acts in making the calls to Plaintiff were not accidental.

41. Plaintiff has been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT II
## VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT § 445.251 et seq.

42. Plaintiff incorporates by reference each and every allegation within this Complaint.

43. Plaintiff is a natural person allegedly obligated to pay a debt.

44. Defendants asserted that Plaintiff had an alleged obligation for the payment of money or thing of value arising out of an express or implied agreement for a purchase of a vehicle made primarily for personal, family, or household purposes.

45. Defendant is a person because it is a corporation.

46. Defendant on information and belief, is a licensee under Act 21 of the Public Acts of 1939, as amended, being sections 493.1(f),(g),(h), and (j) and a licensee under MCL § 493.51 to MCL § 493.81.

47. Defendant employs persons to collect for the corporation.

48. The above acts were communications made by Defendant.

49. The above acts were willful.

50. The above acts, in conveying information regarding a debt directly or indirectly to Plaintiff were misleading or deceptive because Defendant used a medium it was not authorized to use, violating MCL § 445.252(a).

51. By continuing to call Plaintiff after he told them he was not James Moore and that he did not owe a debt to Defendant, Defendant used a harassing, oppressive, or abusive method to collect a debt, violating MCL § 445.252(n).

52. By using profanity during a conversation with Plaintiff, Defendant violated MCL § 445.252(o).

53. By committing the above acts, Defendant has failed to implement procedures designed to prevent a violation by an employee, thus violating MCL § 445.252(q).

54. Plaintiff has a legitimate expectation that Defendant would follow the law in collecting debts or claims and not commit the above acts.

55. Plaintiff suffered loss, damage and/or injury as a result of Defendant's violation.

## COUNT III
## INJUNCTIVE RELIEF
## U.S.C. §227(b)(3)(A)

56. Plaintiff incorporates by reference each and every allegation within this Complaint.

57. Plaintiff requests that this Court grant it injunctive relief preventing Defendant, agents, employees, representatives or Defendant's successors and assigns from taking any acts that violate the Telephone Consumer Protection Act.

## JURY DEMAND

Plaintiff demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(3)

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and

- such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL § 445.257

- for an award of statutory damages of $150.00 for each and every violation pursuant to MCL § 445.257(2) against Defendant and for Plaintiff that the Court finds willful;

- For an award of statutory damages of $50.00 for each and every violation pursuant to MCL 445.257(1) against Defendant and for Plaintiff that the Court finds is non-willful;

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 445.257(2) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper

## COUNT III
## INJUNCTIVE RELIEF
## U.S.C. §227(b)(3)(A)

- for an order enjoining Defendant from committing any act that would

      violate any provision of the TCPA.

                                Respectfully submitted,

Dated: August 5, 2012              *Andrew L. Campbell*
                                Andrew L. Campbell
                                653 S. Saginaw Street, Suite 201
                                Flint, MI 48502
                                (810) 232-4344
                                hundy24@yahoo.com
                                P64391

                                Attorney for Plaintiff